IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02095-BNB

CELIA A. DANIELS,

   Plaintiff,

v.

SOCIAL SEC. AMIN [sic] ALJ'S DEN, and
JON L. LAWRITSON,

   Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 6 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Celia A. Daniels, has submitted *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and a complaint. Ms. Daniels has been granted leave to proceed pursuant to § 1915.

The Court must construe the complaint liberally because Ms. Daniels is representing herself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Daniels will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Daniels' complaint is vague. The complaint fails to allege the basis for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). The complaint does not include a short and plain statement of Ms. Daniels' claims showing that she is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff apparently seeks judicial review of the February 8, 2006, administrative law judge's decision denying her claim for Supplemental Security Income benefits. However, it is not clear that she is suing the proper parties, and she fails to provide sufficient facts in support of her claims. It is Ms. Daniels' responsibility to edit and organize her specific claims for relief and supporting allegations into a manageable format. Neither Defendants nor the Court is required to

do this work for her. She appears to have commenced this action within the appropriate time period set forth in the August 18, 2006, "Notice of Appeals Council Action" attached to the complaint.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Daniels should be given an opportunity to file an amended complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Daniels file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Daniels, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Daniels fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint

and the action will be dismissed without further notice.

DATED October 26, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02095-BNB

Celia A. Daniels
PO Box 18452
Denver, CO 80218

I hereby certify that I have mailed a copy of the **ORDER** and two copies of **Complaint form** to the above-named individuals on 10/26/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk