UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 06-cv-02095-REB

CELIA A. DANIELS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER'S DISABILITY DECISION

**Blackburn, J.**

The matter before me is plaintiff's Amended Complaint [#7], filed December 13, 2006, seeking review of the Commissioner's decision denying plaintiff's claim for continuation of her supplemental security income benefits under Title XIV of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was awarded supplemental security income benefits in August, 1995, effective February 16, 1994, related to asthma, depression, and panic disorder. Following a periodic continuing disability review, the Commissioner determined that plaintiff's disability had medically improved such that she was no longer disabled as of September 1, 2003. Plaintiff's eligibility for benefits terminated on November 20, 2003.

After this decision was upheld on reconsideration, plaintiff requested a hearing before an administrative law judge. A hearing was held August 1, 2005. At the time of the hearing, plaintiff was 49 years old. She has a ninth grade education and past work experience as a home attendant and child-care worker. She has not engaged in substantial gainful activity since at least February 16, 1994.

The ALJ found that plaintiff had experienced medical improvement with respect to her mental disorders that was related to her ability to work such that those conditions were no longer severe, and consequently not disabling, as of September 1, 2003. Accordingly, with respect to these conditions, plaintiff was found not disabled at step 5 of the seven-step sequential evaluation employed in medical improvement cases. The ALJ further found that plaintiff's asthma continued to be a severe impairment and that she also suffered from severe lumbosacral back strain. Although these impairments prevented plaintiff from performing her past relevant work, the ALJ determined, based on the testimony of a vocational expert, that there were light, unskilled jobs existing in significant numbers in the national economy that plaintiff could perform. He therefore found her not disabled at step seven of the sequential evaluation process. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

A claimant who has previously been found disabled is subject to periodic review to determine her continuing entitlement to benefits.  *See* 20 C.F.R. § 404.1594(a).  The standards for deciding continuing eligibility apply both when benefits are sought to be terminated and when the Commissioner awards a closed period of benefits.  *Shepherd v. Apfel*, 184 F.3d 1196, 1200 (10th Cir. 1999).  Benefits will be discontinued when there has been medical improvement in the claimant's impairments that is related to the ability to do work.  20 C.F.R. § 404.1594(a).  "Medical improvement" is any decrease in the medical severity of the impairments based on changes in the symptoms, signs, and/or laboratory findings associated therewith.  *Id.*, § 404.1594(b)(1).  Medical improvement is related to the ability to do work if these changes correspond to an increase in the claimant's functional capacity to perform basic work activities.  *Id.*, §§ 404.1594(b)(3) & (b)(4).

The Commissioner has established a seven-step sequential evaluation process for determining whether a claimant who has previously been found disabled has experienced medical improvement related to the ability to do work:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimant's impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

3. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must then determine whether there has been any medical improvement in that condition.

4. If there has been medical improvement, the ALJ must consider whether such improvement is related to the ability to work.

5. If the ALJ finds that the claimant has experienced medical improvement related to the ability to work, he must then determine whether all current impairments are severe.

6. If the claimant's remaining impairments are severe, the ALJ must determine whether the claimant can perform her past work despite any limitations.

7. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1594(f)(1)-(8). ***See also Hayden v. Barnhart***, 374 F.3d 986, 988 (10th Cir. 2004). The Commissioner bears the burden of demonstrating that the claimant has experienced medical improvement such that she now can engage in substantial gainful activity. 20 C.F.R. § 404.1594(b)(5); ***Glenn v. Shalala***, 21 F.3d 983, 987 (10th Cir. 1994); ***Underwood v. Shalala***, 985 F.Supp. 970, 977 (D. Colo. 1997).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human***

*Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff is representing herself pro se in this matter.  Pro se pleadings are to be construed liberally.  ***Ledbetter v. City of Topeka, Kansas***, 318 F.3d 1183, 1187 (10th Cir. 2003); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury," plaintiff's pro se status does not relieve her of the burden of "alleging sufficient facts on which a recognized legal claim could be based." ***Hall***, 935 F.2d at 1110.  Plaintiff alleges three grounds of error in her amended complaint: (1) that the ALJ denied her the right to present additional medical evidence regarding her conditions; (2) that the social security administration gave her improper documents to permit her to seek review of the decision; and (3) that her new doctors are manipulating her medication and failing to take her complaints seriously or follow

5

up on her condition.

Of these claims, only the first presents an issue for review by this court under 42 U.S.C. § 405(g). Regardless whether the social security administration office was unhelpful, dilatory, rude, or gave plaintiff the "run around," these are not matters within the scope of judicial review under the Social Security Act.[1] Moreover, it is clear that whatever plaintiff's initial difficulties in filing, she ultimately did perfect an appeal. The Commissioner does not challenge the timeliness or procedural propriety of the appeal, and the claim, therefore, is moot.[2] As for plaintiff's complaints about her doctors' treatment, clearly these are not matters that can be remedied, either by me or the Commissioner, in the context of this lawsuit.

With respect to plaintiff's claim that the ALJ failed to allow her to present additional medical evidence,[3] that argument is refuted by the record. Plaintiff informed the ALJ at the hearing that she had with her further records she wished to have him consider, but for reasons not apparent from the transcript of the hearing, did not submit those documents at that time. (Tr. 386-388.) Instead, the ALJ offered to leave the record open and request the documents from her medical providers. (Tr. 386.) It

---

[1] Nor do I find that they present any other cognizable claim for relief.

[2] Although plaintiff alleges that she "had no understanding of how to seek legal help" (Amended Complaint at 4), that claim is belied by the record. The notice accompanying the ALJ's unfavorable decision specifically advised plaintiff that she could seek legal assistance and described how to go about doing so. (Tr. 11-12.)

[3] In her original complaint, plaintiff claimed that the ALJ improperly refused to consider the opinion of her treating physician, Dr. Heather Schmidt, regarding her mental impairments. She appended a letter from Dr. Schmidt to her amended complaint, although the claim was not reiterated in the amended complaint itself. To the extent plaintiff intended to bring forward this allegation of error, the ALJ's failure to address the opinion, although technically deficient, was undoubtedly harmless error. Dr. Schmidt's opinion is wholly conclusory and is not supported by the medical evidence of record or plaintiff's self-reported activities, abilities, and limitations, which the ALJ reviewed and considered in extensive detail in his written opinion. (*See* Tr. 15-19.)

6

appears clear that he did so, as the request and the records are part of the appellate transcript. (Tr. 371-377.)

Moreover, these documents do not undermine the ALJ's medical improvement decision for at least two reasons. First, nothing in these records contradicts the ALJ's determination as to plaintiff's mental impairments. Instead, the records show that plaintiff reported in May, 2004, that Zoloft was "[h]elping" insofar as plaintiff was "not letting things get to her," (Tr. 372), and that she refused further psychiatric medications or evaluations (Tr. 373). Similarly, in November, 2004, plaintiff was reported to be "coping" with her anxiety with the help of Zoloft and therapy, which she "feels may be helping." (Tr. 376.) Second, and more importantly, it is clear that the ALJ considered these documents in making his determination. (*See* Tr. 17.)

**THEREFORE, IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 18, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**